***REMAND/JS-6***

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5146-GW(SSx) | Date | August 20, 2013 |
|---|---|---|---|
| Title | *Camden Opportunity Fund WF, LLC v. Melkon Shameyan, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS): ORDER REMANDING ACTION TO STATE COURT**

On May 16, 2013, Plaintiff Camden Opportunity Fund WF, LLC ("Plaintiff") allegedly became the owner of real property located at 8143 Laurelgrove Avenue, North Hollywood, CA 91605 (the "Subject Property") at a trustee's sale following foreclosure proceedings. Compl. ¶¶ 4-8. Defendant Melkon Shameyan ("Defendant") allegedly occupied the Subject Property and was served with a "Three Day Notice to Quit" on June 1, 2013; Defendant remained in possession of the Subject Property for more than three days after service thereof. *Id.* ¶¶ 12-13. On June 5, 2013, Plaintiff instituted unlawful detainer proceedings in state court. *Id.* at 1. Defendant, proceeding *pro se*, removed the action to this Court on July 17, 2013 "on grounds that Defendant's federally secured rights guaranteed by 42 U.S.C. §§ 1981, 1982 and 1983 the [sic] First, Fifth, Seventh, Ninth, and Fourteenth Amendments to the constitution are being directly and systematically impaired and infringed by unconstitutional statutory laws and customs, practices, and policies having the force and effect of law in the State of California." Notice of Removal, Docket No. 1 at 1-2.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

:

Initials of Preparer JG

***REMAND/JS-6***

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5146-GW(SSx) | Date | August 20, 2013 |
|---|---|---|---|
| Title | *Camden Opportunity Fund WF, LLC v. Melkon Shameyan, et al.* | | |

Federal subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's complaint contains a single cause of action for unlawful detainer, a state law claim. Compl. at 1. Importantly, there is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law. *See id.* at 392-93. As a result, Defendant's reliance on the purported federal constitutional defenses or counterclaims identified in the Notice of Removal cannot serve as the basis for federal question jurisdiction. This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's complaint.

The Court thus REMANDS the action to state court, orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

______ : ______

Initials of Preparer JG